```
                IN THE UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                           EL PASO DIVISION
```

FILED
June 11, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _Belinda Gamez_
DEPUTY

```
UNITED STATES OF AMERICA              No. EP-20-CR-2440-FM
v.                                    El Paso, Texas
MANUEL ARTURO SALAZAR-SALAZAR         September 13, 2021


                             SENTENCING
                              via ZOOM
                BEFORE THE HONORABLE FRANK MONTALVO
                    UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the Government      Debra P. Kanof
                        Assistant United States Attorney
                        700 East San Antonio, Suite 200
                        El Paso, Texas 79901


For the Defendant       Ben L. Ivey
                        Attorney at Law
                        800 N. Mesa, Suite 200
                        El Paso, Texas 79902



     Proceedings reported by court reporter.  Transcript
produced via computer-aided transcription.
```

Nalene Benavides, CRR, RMR
525 Magoffin Avenue
El Paso, Texas 79901

1          (Terence McEneny, Spanish Interpreter, present to
2     interpret for defendant.)
3          COURTROOM DEPUTY: EP-20-CR-2440, United States versus
4     Manuel Arturo Salazar-Salazar.
5          MS. KANOF: Debra Kanof for the United States.
6          MR. IVEY: Ben Ivey for Manuel Salazar.
7          THE COURT: Mr. Salazar, good afternoon, sir.
8          COURTROOM DEPUTY: Hang on, Judge, real quick. I'm
9     sorry.
10         THE INTERPRETER: Would you remind the parties to
11    switch to English?
12         COURTROOM DEPUTY: If I can have everybody switch to
13    English, please. Thank you.
14         THE INTERPRETER: All set. Please proceed.
15         Good afternoon from Mr. Salazar, Your Honor.
16         THE COURT: Mr. Salazar, have you had enough time to
17    talk to your lawyer in anticipation of this hearing?
18         THE DEFENDANT: Yes, sir.
19         THE COURT: And did you have time to discuss the
20    presentence report with him?
21         THE DEFENDANT: Yes, sir.
22         THE COURT: Is there anything that you would like to
23    say on your own behalf before I sentence you?
24         THE DEFENDANT: Yes, sir.
25         THE COURT: Let me hear from you, please.

08:09  THE DEFENDANT: Your Honor, first and foremost, I would like to offer an apology to you, yourself, and to the United States. I would like to say that I'm sorry for the reason that I'm here. This has been a terrible problem for me and for my family due to depression, anxiety, and general desperation. But I did everything that my lawyer asked me to do. I did everything that the prosecutor expected. I did everything to help, not just the prosecutor, but also myself in this situation.

The time that I have been in custody, Your Honor, has taught me to value my time and my freedom. I would like to request an opportunity, a chance to become a productive member of society again and to do what I can day by day to become a better person and to do right by my children and get them ahead.

Your Honor, if you give me this chance, I will not cause any more problems for you or for the United States. I will appreciate my freedom. I will work hard to regain what I have lost. That would be all. May God's will be done, and thank you in advance.

THE COURT: Very well. Mr. Ivey, let me hear from you.

MR. IVEY: Judge, I did have some objections. The first one was to safety valve. And I believe that Mr. Kiggins did agree to that, and it is in the addendum. So I would ask

08:12 1 the Court to grant that.

2 THE COURT: Yes, sir. And I'm looking at the sealed
3 addendum. That's the only agreement with respect to the case,
4 right, safety valve?

5 MR. IVEY: Correct, Judge. The other -- the other
6 objection would be to minor role, Judge, which is a pretty
7 major part of this whole -- the way the sentencing would be
8 borne out. But in my sentencing memorandum, I did detail what
9 has gone on --

10 THE COURT: Let's go off the record. Let's get -- I
11 mean, excuse me -- let's go in a conference room.

12 Nalene, I need you on the record on this.

13 Of course, Ms. Kanof, Mr. Ivey, and myself, let's talk
14 about that on the record, but out of the public hearing.

15 (Discussion at the bench off the record)

16 THE COURT: We are on the record, Nalene.

17 The safety valve was a concession by the government
18 because, conceivably, you know, your client doesn't qualify for
19 safety valve. I mean, he recruited the individuals that were
20 arrested the date I was looking for, on August 17th, 2020. So
21 I just can't see how he qualifies for minor role. So, you
22 know, help me out with that.

23 MR. IVEY: Well, Judge, what happened in the debrief
24 basically is what he has -- he -- basically, there was two
25 debriefs. The first one is how he got involved with the

08:14  organization.

He was basically an Uber driver in Mexico. So at the time of his -- while he is driving, he met up with this individual, and she -- they became pretty friendly, and turns out that she was a member of the cartel. So she ended up requesting him every time she needed an Uber and basically gave him an opportunity to make some money. "Do you want to do this?"

But the -- the part of it that she told him that he had to do was request -- he had to find the driver. So, I mean, in that aspect, I suppose he -- he was -- I mean, he was -- I wouldn't say he was the boss of the driver, but that was his job, to find the driver to cross the drugs, so -- but that was directly coming from this person that was in the cartel.

So, I mean, he was still following directions from her, even though -- I mean, he did find the driver himself, so I still think that he is a minor -- minor -- I mean, maybe not minimal, but, I mean, I would say he is a minor participant in this because he was just doing what she told him to do.

THE COURT: I see that in that -- on that pleading you filed Friday that -- or was it this morning?

MR. IVEY: No, it was Friday, Judge.

THE COURT: Yeah, Friday. You stated that he debriefed twice, but that, of course, you know, the government

08:16   1   didn't file --

2   MR. IVEY: He did, Judge, and he -- the first part of
3   the debriefing was how he got involved and the second part was
4   giving all the information that he knew. And there was no
5   issue with him being forthcoming or honest or anything like
6   that.

7   The problem is just not enough time for the
8   investigation to bear out. So no arrests were made. But, I
9   mean, he gave everything that he knew. All the people that the
10   agents asked him to identify, he did. And, you know, they were
11   very long debriefs as well, Judge.

12   THE COURT: Okay. Any objection to the minor role
13   from the government?

14   MS. KANOF: Your Honor, I don't know enough about it,
15   I guess. But from what Mr. Ivey has said, it sounds more like
16   that would be double-dipping. I don't -- if he didn't qualify
17   for safety valve, but got it anyway, I think he is lucky. And
18   it doesn't sound like this was a cartel that was forcing him or
19   threatening him. Sounds like he was doing what his girlfriend
20   wanted.

21   MR. IVEY: Judge, if I may, I know that's not written
22   down anywhere, but I did call Mr. Kiggins on Friday. And he
23   was not at work. I called him on his cell phone just because
24   the sentencing had been moved up to today. It was scheduled
25   for later in the week. And, you know, I asked him about the 5K

```
08:18  1   possibility.  And I -- and he explained to me what I explained
       2   to you:  That no arrests were made.  But he said he would not
       3   object to safety valve or minor role.  So -- but I know he is
       4   not here right now.
       5              MS. KANOF:  I will believe Mr. Ivey.  If he is making
       6   that representation that the lead prosecutor was not objecting
       7   to minor role, then I won't either.
       8              THE COURT:  Yeah, I will take your word on that, too.
       9              MR. IVEY:  Thank you, Judge.
      10              THE COURT:  If he told you that he wouldn't object to
      11   it, then I'm fine with it.  Okay.
      12              MR. IVEY:  Thank you, Judge.
      13              THE COURT:  Thank you.  We will do that, sure.
      14              (Open court)
      15              COURTROOM DEPUTY:  Just to remind everybody to switch
      16   back to English after the breakout room.
      17              THE COURT:  We are back on the record, Nalene.
      18              I'm making the adjustments for safety valve and the
      19   adjustment for minor role.  With the adjustment for minor role,
      20   the base offense level becomes 34.  So -- and the adjustment --
      21   the adjusted offense level becomes 30 and the total offense
      22   level becomes 27.
      23              MR. IVEY:  I'm sorry.  Did you say 27, Judge?
      24              THE COURT:  Yes, sir.
      25              MR. IVEY:  Okay.
```

08:21  1                THE COURT:  27, Criminal History Category II, range of
       2   custody 78 to 97 months, supervised release two to five years,
       3   fine $25,000 to $5 million, special assessment $100.
       4                Anything else on behalf of your client, Mr. Ivey?
       5                MR. IVEY:  Judge, just a few things.  This has been
       6   the worst thing that my client has ever gone through in his
       7   life.  I mean, he regrets this totally and completely.  The one
       8   thing that he is going to be missing out on is being there for
       9   his child who has many terrible conditions, heart problems, and
      10   schizophrenic problems.  He is not going to be there for his
      11   child.  It's -- it's just weighing on him horribly, but, you
      12   know, he did it, and he knows that he has to pay the price,
      13   Judge.
      14                Another thing that happened to him while this was
      15   going on is he got COVID while in the county jail.  And it was
      16   so bad that he thought he was going to die.  And that's -- it's
      17   just another thing that, you know, kind of -- I guess you have
      18   to pay the price for, Judge.  But he has also developed anxiety
      19   and sleeping problems because of this.
      20                And he does have a substance abuse problem that he
      21   has, kind of, come to grips with, that he realizes he needs
      22   help with.  So he would ask the Court to maybe require some
      23   kind of substance abuse counseling in prison, Judge.  I know he
      24   is not a citizen, but, hopefully, they would -- there would be
      25   some kind of program that would help him.

```
08:22  1              Other than that, Judge, other than what I explained
       2   before, how he got into this mess, I know he is very, very
       3   regretful, and he has done everything that he can to try to
       4   help himself.
       5              THE COURT:  Thank you.
       6              Ms. Kanof.
       7              MS. KANOF:  Yes, Your Honor.  Mr. Salazar pled guilty
       8   to Count One of a two-count indictment.  In addition to that,
       9   the government has -- so I'm making a motion to dismiss Count
      10   Two.  And in addition to that, as part of the plea agreement,
      11   the government has also agreed to make a motion to dismiss an
      12   additional indictment pending against the defendant, which is
      13   filed in Docket Number EP-20-CR-2088 in this court.
      14              THE COURT:  Adriana, take note of that.
      15              COURTROOM DEPUTY:  Yes, sir.
      16              THE COURT:  Okay, very well.  Mr. Salazar, you are
      17   sentenced to 78 months in custody, followed by two years
      18   nonreporting supervised release.  The fine is waived, as I find
      19   there are no resources from which to pay any fine this court
      20   may assess.  And I order the mandatory special assessment of
      21   $100.
      22              In the event you are not deported, you have to report
      23   to the nearest probation office within 72 hours of your release
      24   from custody.  I will recommend that you be given the
      25   opportunity to participate in substance abuse treatment during
```

```
08:24  1    your term of incarceration -- substance abuse, yes, treatment
       2    during your term of incarceration.  We cannot put RDAP,
       3    Adriana, just simply drug abuse treatment.
       4              COURTROOM DEPUTY:  Correct.
       5              THE COURT:  Good luck to you, sir.  I wish you well.
       6         Thank you, Mr. Ivey.
       7              MR. IVEY:  Thank you, Judge.
       8                            * * * * *
       9                         C E R T I F I C A T E
      10       I certify that the foregoing is a correct transcript from
      11    the record of proceedings in the above-entitled matter.  I
      12    further certify that the transcript fees and format comply with
      13    those prescribed by the Court and the Judicial Conference of
      14    the United States.
      15
             Signature: /s/Nalene Benavides       Date:  June 11, 2024
      16               Nalene Benavides, RMR, CRR
      17
      18
      19
      20
      21
      22
      23
      24
      25
```